FILED IN MY OFFICE
DISTRICT COURT CLERK
11/15/2012 1:52:28 PM
GREGORY T. IRELAND
Patricia Serna

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

JOSEPH M. MONTANO,

    **Plaintiff,**

vs.    No. CV D-202-CV-2012-10589

PUBLIC SERVICE COMPANY,
A New Mexico Corporation

    **Defendant.**

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff, by and through his attorney Christopher N. Orton, and hereby state the following as his cause of action for declaratory relief and damages.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Joseph M. Montano is a citizen of the State of New Mexico, City of Albuquerque, County of Bernalillo.

2. This court has jurisdiction over the parties.

3. The unlawful employment practices alleged herein were committed in Bernalillo County within the State of New Mexico; at all times material to the allegations in the complaint, all parties are believed to have resided in the State of New Mexico.

## ALLEGATIONS COMMON TO ALL COUNTS

4. Plaintiff has been employed by PNM for over 18 years.

5. Plaintiff has been an exemplary employee and received favorable performance evaluations throughout his employment with Defendant.

6. Plaintiff started his employment with PNM on April 29, 1994 as an Electrical Apprentice.
7. Even though Plaintiff was scored as the highest candidate in both his interview and his assessments, two other lower candidates were hired before him.
8. During his four year apprenticeship, Plaintiff was the top of his class.
9. In 2007 PNM opened a foreman position in the transmission department. Two Hispanic workers (Plaintiff and Gilbert Padilla) and one Anglo worker (Wes McKenzie) applied for the position.
10. Norm Dunn the supervisor of the position announced to a number of workers that he wanted the Anglo worker to get the position.
11. In order to make sure the Anglo worker received the position, Norm Dunn discarded the normal hiring questions and made up his own questions tailored to be best answered by the Anglo applicant.
12. Plaintiff complained to Human Resources about the changing of the questions. In reaction to these complaints Norm Dunn was made to use the original questions. Plaintiff answered all of the questions correctly and Norm Dunn was forced to give Plaintiff the position.
13. Upon reporting for the new position, Plaintiff was immediately brought into a meeting with his supervisor and HR. During this meeting Plaintiff was told he would not be receiving his own crew as all the other Anglo foremen had, but instead would have to "shadow" an Anglo foreman (Steve Booth) for 2 years.

14. Over the next two years, Plaintiff was subject to harassment, retaliation and racial slurs by his supervisor. This included disciplining Plaintiff for refusing to violate safety rules, disciplining Plaintiff for having incomplete tools at a jobsite and disciplining Plaintiff for not allowing his employees to work on a dangerous worksite without proper protective gear. During the same time, the white foremen did the same activities but received no discipline.

15. Plaintiff's supervisor would also use racial slurs towards Plaintiff always referring to him as a Mexican or a landscaper, telling Plaintiff if he needed more help to go hire more Mexicans, referring to tools the Plaintiff was using as Nigger lips and posting racially derogatory or sexually offensive posters.

16. During this time Plaintiff filed several complaints with the Human Resources department.

17. As retaliation for these complaints, Plaintiff's supervisor gave Plaintiff bad evaluations, assigned him menial duties including cleaning of tools and doing inventory, took away his company vehicle and required him to go to numerous and more invasive drug screenings.

18. On October 31, 2008 Plaintiff was called into a meeting with the Human Resources Department. During this meeting Plaintiff was told his complaints had been found to have merit. Human Resources then stated they did not want to change the transmission department and instead would be moving Plaintiff to another department.

19. Plaintiff objected to being moved to another department stating that he was not the one at fault and that he had concerns about working in the new

department of distribution because it was known that the supervisor in that department (Dale Smith) was a close friend of his previous supervisor. Plaintiff stated that he feared the retaliation and discrimination would continue.

20. Plaintiff was told that he had no choice and would be moved to be a foreman in the Distribution department under Dale Smith.
21. Almost immediately upon working for Dale Smith, the harassment and retaliation once again started.
22. Dale Smith tried on numerous occasions to have Plaintiff terminated. In addition he disciplined Plaintiff for numerous fictitious reasons including; not turning in expense reports even though Plaintiff had proof that he had submitted them, blaming Plaintiff for other employees vehicle accidents, changing Plaintiff's hours worked, blaming Plaintiff for not understanding confusing or improperly numbered job assignments and even attempting to illegally garnish Plaintiff's wages for proven business expenses.
23. Plaintiff once again complained about the harassment and retaliation to Human Resources. Plaintiff was then again force transferred to the systems reliability department under Mark Martinez.
24. For the next year Plaintiff was still harassed by Dale Smith even though he was no longer in Mr. Smith's department. Mr. Smith continued to criticize Plaintiff's vouchers and expenses and continued to change Plaintiff's hours worked.

25. Soon after Plaintiff's transfer, the second level supervisor over Dale Smith and Mark Martinez resigned. PNM's policy is to have all supervisors act rotate into that position for two week intervals. During the time when Dale Smith was the second level supervisor, he canceled Plaintiff's vehicle order and returned Plaintiff's expense reports as being improper.

26. At this point Plaintiff filed a charge of discrimination with the EEOC and now files this action pursuant to a ninety day right to sue letter.

## COUNT I

## RACE DISCRIMINATION – NEW MEXICO HUMAN RIGHTS ACT

27. Plaintiff hereby incorporate the preceding paragraphs above as if fully incorporated herein.

28. Plaintiff is a Hispanic male and is therefore a member of a protected class.

29. Plaintiff's treatment was substantially motivated by his Race/Nation origin (Hispanic).

30. Plaintiff's discipline and harassment as outlined in this complaint was discriminatory and proximately caused by a desire to not promote or replace the Plaintiff with Anglo workers.

31. No white employees were treated or disciplined in the same way as the Plaintiff.

32. Defendant's reasons for the treatment and discipline are not worthy of credence, were the result of disparate treatment and the company's policies had a disparate impact on Hispanics.

33. As a result of the termination, Plaintiff suffered stress and pecuniary losses.

## COUNT II

## BREACH OF IMPLIED CONTRACT

34. Plaintiff hereby incorporate the preceding paragraphs above as if fully incorporated herein.

35. Defendant had a common practice and specific criteria for discipline, promotions and transfers that were not followed in the case of Plaintiff;

36. The policy against discrimination and retaliation was not followed in this case.

## COUNT III

## VIOLATION OF TITLE VII – RETALIATION

37. Plaintiff hereby incorporate the preceding paragraphs above as if fully incorporated herein.

38. Defendant retaliated against the Plaintiff by, among other things, refusing to take appropriate action concerning Plaintiff's discrimination and retaliation complaints and allowing Plaintiff to be improperly disciplined and harassed.

39. Plaintiff has suffered damages in, among other things, lost compensation, lost overtime, loss of career opportunities, and mental and emotional distress as a result of the actions of Defendant's agents.

40. The actions of Defendant's agents have been intentional, malicious, willful and in blatant disregard of Plaintiff's statutory rights to be free from discrimination on the basis of Race.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Actual out of pocket damages sufficient to compensate Plaintiff for his out of pocket losses, including wages and benefits, together with interest thereon, in an amount to be determined as it is still continuing, and to cover all medical expenses;

B. Punitive damages;

C. Actual compensatory damages sufficient to compensate Plaintiff for mental anguish due to the actions of the defendant;

D. Costs;

E. Such other relief as this Court deems just and proper.

Respectfully submitted,

_electronically signed_
Christopher N. Orton
Attorney for Plaintiff
12231 Academy Rd. NE
#301-304
Albuquerque, New Mexico 87111
(505) 266-2753

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/15/2012 1:52:28 PM
GREGORY T. IRELAN

Patricia Serna

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

JOSEPH M. MONTANO,

    Plaintiff,

vs.    No. CV D-202-CV-2012-10589

PUBLIC SERVICE COMPANY,
A New Mexico Corporation

    Defendant.

## PLAINTIFF'S CERTIFICATION REGARDING ARBITRATION UNDER LOCAL RULE 2-603

COMES NOW the Plaintiff, by and through his attorney of record and certifies that:

This case is not subject to referral to arbitration under Local Rule 2-603. The Plaintiff seeks a judgment and/or an award in excess of $25,000.00, exclusive of interest, costs and attorney's fees.

    Respectfully submitted:

    _electronically signed_
    Christopher N. Orton
    Attorney for Plaintiff
    12231 Academy Rd. NE
    #301-304
    Albuquerque, New Mexico 87111
    (505) 266-2753

FILED
SECOND JUDICIAL DISTRICT

2013 JUN -6 AM 9: 24

SHELLY SWOPE

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT COURT

Joseph M Montano v. Public Service Company     No. D-202-CV-201210589

## DISPOSITION ORDER FOR LACK OF PROSECUTION

THIS MATTER having come before the Court on its own motion, it appearing that no significant action has been taken in 180 or more days in connection with any and all pending claims,

IT IS THEREFORE ORDERED that all pending claims are dismissed without prejudice. Within thirty (30) days after service of this order, any party may move for reinstatement. If other parties have filed an appearance, movant shall comply with Rule 1-007.1 NMRA. Failure to comply with these requirements will result in the denial of the motion without hearing.

IT IS FURTHER ORDERED that all writs, judgments, final orders, or stipulations previously filed herein shall remain in full force and effect unless otherwise ordered.

THE HONORABLE NAN G. NASH
DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, the undersigned Employee of the District Court of Bernalillo County, New Mexico, do hereby certify that I served a copy of this document to all parties listed below on date of filing.

By: _____
Johanna Tarango, Bailiff

Christopher Orton
12231 Academy RD NE
Albuquerque, NM, 87111

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

JOSEPH M. MONTANO

    **Plaintiff**

Case No. D-202-CV-201210589

v.

PUBLIC SERVICE COMPANY,

    **Defendants.**

## PLAINTIFF'S REQUEST TO REOPEN

COMES NOW THE PLAINTIFF, by and through his counsel, LEGAL COUNSELING SERVICES (Christopher N. Orton), and hereby requests this court reinstate Plaintiff's case. As grounds for this motion Plaintiff states the following:

1. Plaintiff's attorney filed this complaint directly before the holidays.
2. Immediately after the holidays the Plaintiff's attorney had a parent suddenly and expectantly become life threateningly ill.
3. Plaintiff's attorney as primary caretaker had to spend a majority of January, February and part of March dealing with his parent's illness.
4. The Plaintiff's attorney had two major motions for Summary Judgment requiring answeres in April and May.

5. Because of these above listed factors, Plaintiff's attorney had become backlogged with current new cases.

6. Plaintiff's attorney is now ready and able to move these legal proceedings along.

**Wherefore** Plaintiff is timely filing this motion to reopen his Complaint and requests this court grant this motion and reinstate his case.

LEGAL COUNSELING SERVICES

_____
Christopher Orton
Attorney for Plaintiff

12231 Academy Rd. NE
#301-304
Albuquerque, New Mexico
87111

(505) 266-2753
(505) 266-2753 – facsimile

I hereby certify that a true and correct copy
of the foregoing was transmitted to all counsel
of record on this 1st day of July, 2013.

_____

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

JOSEPH M. MONTANO

    Plaintiff

Case No. D-202-CV-2012-10589

v.

PUBLIC SERVICE COMPANY,

    Defendant.

## REQUEST FOR HEARING

1. Assigned Judge: Honorable NAN G. NASH

2. Type of Case: Civil

3. Jury trial

4. Dates of hearings presently set: None.

   Specific matters to be heard upon this request: Plaintiff's Motion to Reopen

5. Estimated total time required: 15 minutes.

6. At present there is no opposing counsel as summons were rejected until case is reopened.

Respectfully submitted,

Christopher N. Orton, Attorney for Plaintiff
12231 Academy Rd. NE
#301-304
Albuquerque, NM 87111
(505) 266-2753

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

JOSEPH M. MONTANO

    **Plaintiff**

Case No. D-202-CV-2012-10589

v.

PUBLIC SERVICE COMPANY,

    **Defendant.**

## NOTICE OF HEARING

A hearing in this case is set before the Honorable NAN G. NASH as follows:

**Date of hearing:** _____

**Time of hearing:** _____

**Length of hearing:** _____

**Place of hearing:** _____

**Matters to be heard:** _____

                          THE HONORABLE NAN G. NASH

                          By: _____

Christopher N. Orton
12231 Academy Rd. NE
#301-304
Albuquerque, NM 87111
(505) 266-2753

SECOND JUDICIAL DISTRICT COURT  
COUNTY OF BERNALILLO  
STATE OF NEW MEXICO  

JOSEPH M. MONTANO  

    Plaintiff  

Case No. D-202-CV-2012-10589  

v.  

PUBLIC SERVICE COMPANY,  

    Defendant.  

## NOTICE OF HEARING

A hearing in this case is set before the Honorable NAN G. NASH as follows:

| | |
|---|---|
| Date of hearing: | Monday, November 4, 2013 |
| Time of hearing: | 1:30 p.m. |
| Length of hearing: | 10 minutes |
| Place of hearing: | 400 Lomas NW, Albuquerque, NM 87102; COURTROOM 602 |
| Matters to be heard: | Motion to Reopen |

THE HONORABLE NAN G. NASH

By: _____  
TCAA to Judge Nan Nash

*TRAILING DOCKET*

*Attorneys are responsible for providing Notice of Hearing to Self-Represented Litigants and shall provide a Certificate of Notice thereof, at the scheduled Hearing.*

Approved by;

*electronically signed*
Christopher N. Orton
12231 Academy Rd. NE
#301-304
Albuquerque, NM 87111
(505) 266-2753

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

JOSEPH M. MONTANO

    Plaintiff

Case No. D-202-CV-2012-10589

v.

PUBLIC SERVICE COMPANY,

    Defendant.

## ORDER

THIS MATTER having come before the Court on Plaintiff's Motion to Reopen, the parties having conferred and the Court having reviewed the file,

FINDS:

    This motion is well taken.

    THEREFORE, Plaintiff's Motion to reopen is hereby granted.

_(signature)_

HON. NAN G. NASH

Submitted and approved by:

　_electronically signed_　
Christopher N. Orton
Attorney for Plaintiff