IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH MONTANO,

    Plaintiff,

v.                                                                   No. 14cv0079 WJ/RHS

PUBLIC SERVICE COMPANY
OF NEW MEXICO,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss Claims for Lack of Subject Matter Jurisdiction and for Untimely Service, filed January 30, 2014 (**Doc. No. 3**). Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion is partially well-taken and, therefore, is GRANTED in part and DENIED in part.

Background

Plaintiff brings this suit against his former employer, Public Service Company of New Mexico ("PNM"), alleging race discrimination in violation of Title VII and the New Mexico Human Rights Act ("NMHRA") as well as breach of implied contract. This matter was originally filed the Second Judicial District Court of New Mexico on November 15, 2012. Plaintiff alleged that his lawsuit was filed pursuant to a ninety (90) day "right to sue" letter issued by the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's claims were dismissed without prejudice by the Honorable Nan Nash for failure to prosecute on June 6, 2013. Plaintiff's claims were revived by the state court on November 12, 2013 after Plaintiff filed a

Request to Reopen. PNM removed this matter on January 6, 2014.

PNM alleges that this Court lacks subject matter jurisdiction over Counts I and III of Plaintiff's Complaint because under Title VII and the NMHRA, Plaintiff only has ninety (90) days to file a lawsuit after receiving an agency determination. PNM alleges that Plaintiff received the agencies' determinations at some point before the original Complaint was filed on November 15, 2012, thus, Plaintiff only had until February 13, 2013 at the latest to bring a suit based upon the agencies' determinations. PNM contends that the dismissal without prejudice does not toll the ninety (90) day clock and therefore, when Plaintiff re-filed his claims in November 2013, the claims were untimely. In the alternative, PNM argues that Plaintiff's Complaint should be dismissed for failure to serve PNM in a timely manner. This matter was originally filed in state court on November 15, 2012 and Defendant was not served until January 6, 2014.

## Discussion

### I.   Legal Standard for NMRA and Title VII claims

Both Title VII and the NMHRA require that a plaintiff exhaust administrative remedies prior to filing a civil suit. See 42 U.S.C. §§ 2000e-5(f)(1); NMSA 1978 § 28-1-13. Under both statues, exhaustion of administrative remedies is a jurisdictional requirement. See Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005) ("Unlike many other circuits, we have held that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit."); Mitchell-Carr v. McLendon, 1999-NMSC-025, 127 N.M. 282, 288, 980 P.2d 65, 71 ("[T]he exhaustion of administrative remedies is a prerequisite to suit under the NMHRA, and a failure to exhaust administrative remedies may mean that the district court lacks subject-matter jurisdiction."). Additionally, both statutes require that a plaintiff bring a suit within ninety (90) days of the

receipt of the appropriate agency's determination.[1]  See id.  The requirement that Title VII suits be filed within ninety (90) days is not jurisdictional and may be subject to equitable tolling in certain circumstances.  See Harms v. IRS, 321 F.3d 1001, 1006 (10th Cir.), cert. denied, 540 U.S. 858 (2003). ("The requirement that a plaintiff file a timely civil action after the disposition of an individual EEO complaint is not a jurisdictional requirement, but rather is subject to ... equitable tolling.").  However, where equitable tolling does not apply, failure to file within the ninety (90) period is dispositive of a plaintiff's Title VII claim.  Id.  Likewise, under the NMRA a plaintiff's claim is subject to dismissal for failure to file within ninety (90) even though it is not a jurisdictional requirement.  See Mitchell-Carr v. McLendon, 1999-NMSC-025, 127 N.M. 282, 287, 980 P.2d 65, 70 ("[T]he district court must dismiss an NMHRA claim if the prerequisites of obtaining an order from the [Human Rights Commission] and appealing that order within [90] days are not satisfied.")

**II.  Plaintiff's Title VII claims are time barred**

In Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991) abrogated on other grounds as stated in Keeler v. Cereal Food Processors, 250 Fed.Appx. 857, 860–61 (10th Cir.2007), the Tenth Circuit held that the ninety (90) day period in which to file Title VII claims is not tolled when a timely filed complaint is dismissed without prejudice.  See id., 926 F.2d at 961 (noting "[i]n the absence of a statute to the contrary, the limitation period is not tolled during the pendency of the dismissed action[,]" and holding that where Plaintiff's claims were dismissed without prejudice then later re-filed after the ninety (90) day period had expired, the plaintiff's claims were untimely and the district court properly dismissed them). Thus, under the reasoning set forth in Brown, Plaintiff's Complaint is untimely because the

---

[1] For the Title VII claims, the agency is the EEOC and for the NMHRA claims, the appropriate agency is the New Mexico Human Rights Commission.  See 42 U.S.C. §§ 2000e-5(f)(1); NMSA 1978 § 28-1-13.

instant Complaint was filed long after the ninety (90) day time period expired and the fact that Plaintiff's original Complaint was timely filed then dismissed without prejudice does not affect the running of the ninety (90) day period. Plaintiff argues that the rule set forth in Brown should not apply to his claims for three reasons: 1) the plaintiff in the Brown case had re-filed her claims multiple times whereas Plaintiff in this matter has only re-filed his claims once; 2) the Brown case involved a voluntary dismissal whereas Plaintiff's claims were involuntarily dismissed for failure to prosecute; and 3) because the Brown case relied in part on state law, this Court should be persuaded by the state district court's determination that Plaintiff's lack of prosecution was excusable. None of these arguments are persuasive as further outlined below.

First, while the Brown Court certainly mentioned that the plaintiff in that matter had re-filed her claims multiple times, there is nothing in the opinion suggesting that the Tenth Circuit's holding was based on the fact that there had been multiple filings. Thus, the Court does not consider the Tenth Circuit's holding in Brown to be limited to instances where a plaintiff has re-filed his or her claims more than once. Second, the Tenth Circuit's holding in Brown concerning the issue of whether there is a tolling of the ninety (90) limitations period for Title VII claims is not restricted to cases where the claims were voluntarily dismissed. See Scott v. Boeing Co., 48 F. App'x 730, 731 (10th Cir. 2002) (applying the Brown rule regarding the effect of dismissals without prejudice on the ninety (90) day Title VII period to an instance where the previous lawsuit was dismissed for failure to properly serve the defendant, and thus was not a voluntary dismissal). Therefore, the Court holds that the Brown rule applies in cases such as this one, where the claims were involuntarily dismissed without prejudice.

Finally, the Court is not persuaded by Plaintiff's third argument that deference should be accorded to the state court's decision to reinstate Plaintiff's claims. The state court determined to reinstate a case that was involuntary dismissed under Rule1-041 NMRA, which was a separate

and distinct issue from the statute of limitations question presented in Defendant's motion to dismiss. See Rule LR2-131 NMRA ("Cases and parts of cases closed for lack of prosecution shall be reinstated only by court order to reinstate upon agreement of the parties or good cause shown."). Therefore, under the reasoning set forth in Brown and its progeny, Plaintiff's Title VII claim is time barred, and the fact that he originally filed timely a Title VII claim does not save the instant claim.[2]

Plaintiff's Response to the Motion to Dismiss details certain actions by his previous attorneys in Florida that made it difficult for him to prosecute his original case. Plaintiff claims that the Florida firm that was representing him withdrew from representation as soon as Plaintiff received the right to sue letter and was uncooperative with counsel Plaintiff later retained as far as providing documentation. Additionally, Plaintiff claims that the EEOC failed to provide a second copy of the right to sue letter after his attempts to get a copy from his previous counsel failed. Although Plaintiff does not expressly ask for equitable tolling of the ninety (90) day time period, to the extent he is arguing that equitable tolling is proper in this instance, this argument is without merit. The Tenth Circuit has "made clear that a Title VII time limit will be tolled *only* upon a showing of active deception where, for example, the plaintiff has been actively misled or lulled into inaction by her past employer, state or federal agencies, or the courts." Simons v. Sw. Petro-Chem, Inc., a Div. of Witco Chem. Corp., 28 F.3d 1029, 1030-31 (10th Cir. 1994) (internal quotations omitted) (emphasis added). Notwithstanding the fact that Plaintiff's previous counsel's withdrawal from the case after the right to sue letter was issued and their subsequent lack of cooperation with Plaintiff's current counsel may have hampered Plaintiff's ability to

---

[2] Although it is certainly not clear that this would be a proper way to calculate the 90 period, even if the Court were to count the pendency of the original lawsuit as tolling the 90 day period, still more than 90 days passed between the time Plaintiff's claims were dismissed and when the case was reinstated. See Scott, 48 F. App'x at 732 ("Moreover, even if the ninety-day period were tolled during the pendency of [Plaintiff's] prior lawsuits, the instant action would still not be timely. More than ninety days elapsed between [] the dismissal of Plaintiff's first case [] and the filing of the second case.").

prosecute his original case, equitable tolling is based on actions by the court, federal agencies, or the plaintiff's employer.  The Tenth Circuit has previously rejected an equitable tolling argument based upon "active deception" by a plaintiff's own counsel.  See Hall v. United Parcel Serv., Inc., 101 F. App'x 764, 766 (10th Cir. 2004) (unpublished) (upholding district court's refusal to apply equitable tolling based upon the plaintiff's counsel's active deception of the plaintiff and noting,"[m]oreover, it was [the plaintiff's] own attorney who gave him incorrect information, not his employer, an agency, or the court.  Mere attorney negligence does not justify equitable tolling.").

Plaintiff's assertion that he was abandoned by his Florida lawyers did not result in his failing to file suit within the ninety (90) period.  With the help of his current counsel, Plaintiff was able to timely file suit after receipt of the right to sue letter.  Subsequently, Plaintiff's timely filed complaint was dismissed without prejudice for failure to serve Defendant.  Plaintiff's case was later reinstated; however, as previously noted, this reinstatement occurred after the ninety (90) day period had expired thus mandating the dismissal of the second Complaint as untimely.

The Defendant in this case, Public Service Company of New Mexico ("PNM"), is one of if not the largest public utility corporation in the State of New Mexico.  A cursory review of the dockets of the federal and state courts in New Mexico would undoubtedly reveal that PNM is no stranger to litigation and as a large corporate entity subject to regulation as a public utility, undoubtedly PNM has a registered agent for service of process in New Mexico.  Consequently, the Court is at a complete loss to understand why PNM was not promptly served when Plaintiff timely filed his initial complaint.  In sum, Plaintiff was not prevented from exerting his rights in some "extraordinary way."  See Wilkerson v. Siegfried Insurance Agency, Inc., 683 F.2d 344, 348 (10th Cir.1982)( Likewise, if a plaintiff [] 'has in some extraordinary way been prevented from asserting his or her rights,' we will permit tolling of the limitations period.").

6

On the issue of the EEOC not timely responding to Plaintiff's request for a copy of his file, Plaintiff did not make this request from the EEOC until April of 2013, so even if the EEOC took a long period of time to respond to Plaintiff's request, his request was not made within ninety (90) days of the first right to sue letter. Thus, Plaintiff's failure to file within ninety (90) days is not based upon the EEOC's allegedly delayed response to Plaintiff's request for additional copies. Therefore, this is not an instance where tolling of the ninety (90) period would be appropriate.

**III.     Plaintiff's NMHRA claims are Time Barred**

The Court notes that New Mexico law is clear that the failure to file an appeal of Human Rights Commission's determination of a NMHRA violation within ninety (90) days is fatal to a plaintiff's claim. See Mitchell-Carr v. McLendon, 1999-NMSC-025, 127 N.M. 282, 287, 980 P.2d 65, 70 ("[T]he district court must dismiss an NMHRA claim if the prerequisites of obtaining an order from the [Human Rights Commission] and appealing that order within [90] days are not satisfied.") Additionally, New Mexico courts apply the rule that where a matter is dismissed without prejudice for failure to prosecute, the applicable statute of limitations is not tolled and if the claims are later re-filed after the statute of limitations has expired, those claims are barred. See King v. Lujan, 1982-NMSC-063, 98 N.M. 179, 180-81, 646 P.2d 1243, 1244-45 ("[W]e adopt the view that even though the filing of a suit ordinarily tolls the applicable limitations period, when an action is dismissed without prejudice because of a failure to prosecute, the interruption is considered as never having occurred … Following such dismissal the statute of limitations is deemed not to have been suspended during the period in which the suit was pending."); Gathman-Matotan Architects & Planners, Inc. v. State, Dep't of Fin. & Admin., Prop. Control Div., 1990-NMSC-013, 109 N.M. 492, 494-95, 787 P.2d 411, 413-14 ("Where an action is dismissed without prejudice because of a failure to prosecute, the action

7

will be deemed not to interrupt the running of an otherwise applicable statute of limitations, and a subsequent suit filed on the same claim as the first after the statute has run will be barred."). Although New Mexico courts have not specifically applied this rule to NMHRA claims, the Court sees no reason (and Plaintiff has provided none) that the general rule should not be applied to his NMHRA claim. Accordingly, Plaintiff's NMHRA claim is time barred as well.[3]

## IV.    Defendant is not Entitled to Dismissal Based Upon Lack of Timely Service

The Court has already determined that two out of the three counts in Plaintiff's Complaint are time barred. However, Defendant's Motion to Dismiss also raises the issue of Plaintiff's failure to properly serve Defendant for over a year. Therefore, the Court must determine whether Plaintiff's only remaining claim, breach of implied contract, should be dismissed because of Plaintiff's failure to serve Defendant in a timely matter. Plaintiff does not dispute that this matter was originally filed on November 15, 2012, and that Defendant was not served until January 6, 2014 (nearly thirteen months after the suit was commenced). However, Plaintiff argues that: 1) Judge Nash has already ruled that any delay prior to June 6, 2013 was justified and created by factors outside Plaintiff's control; 2) the delay from June 6, 2013 through December 18, 2013 was not Plaintiff's fault as Plaintiff was waiting on the state court to reinstate the matter; and 3) once Judge Nash reissued the summons on December 18, 2013, Plaintiff promptly served Defendant within nineteen (19) days.

Parties agree New Mexico law controls the analysis of Plaintiff's conduct regarding service prior to this matter being removed. New Mexico does not require that service be made by an exact date, but the New Mexico rules require that service be made with reasonable

---

[3] The Court notes that Plaintiff's Complaint does not mention any sort of determination by the Human Rights Commission, a prerequisite to filing an NMHRA claim. Assuming, however, Plaintiff did exhaust his administrative remedies prior to filing the original NMHRA claim, more than ninety (90) days have passed since he filed the original claim, thus, his claims are time barred as set forth above. If Plaintiff did not receive the proper consideration from the Human Rights Commission, his claims are still subject to dismissal for failure to exhaust his administrative remedies.

diligence in order to avoid a dismissal. NMRA 1-004(C) ("Service of process shall be made with reasonable diligence."). In considering a motion relating to due diligence under Rule 1-004(F), the district court is to exercise its discretion in determining whether delay demonstrates a lack of due diligence and whether the delay warrants dismissal of the complaint. Graubard, 2000-NMCA-032, ¶¶ 12-13, 128 N.M. 790, 999 P.2d 434. The Court must apply a standard of objective reasonableness to the totality of circumstances. See Martinez v. Segovia, 2003-NMCA-023, 133 N.M. 240, 247, 62 P.3d 331, 338 (The Court must consider the "standard of objective reasonableness under the [totality of the] circumstances."). Additionally, the Court should balance "the actions taken by [Plaintiff] to obtain service against the prejudice to [Defendant] resulting from the delay of service." Id. New Mexico courts do not require a showing of intentional delay. Id.

Because the Court must consider the totality of the circumstances when determining whether a delay was unreasonable, the Court finds it appropriate to consider three distinct time periods in this matter: 1) from filing of the Complaint until June 6, 2013 when the matter was dismissed without prejudice; 2) from June 6, 2013 to December 18, 2013 when Judge Nash re-issued the summons; and 3) from December 18, 2013 to January 6, 2014 when PNM was ultimately served. Addressing the first time period, the Court agrees with Plaintiff that it cannot consider Plaintiff's delay in service from the filing of the Complaint until June 6, 2013 when the matter was dismissed without prejudice, because Judge Nash has already ruled on that delay by reinstating the case. "Judge [Nash] ruled that there was good cause for the delay and reinstated the lawsuit" and that the delay was caused by "factors that were outside of the Plaintiff's control." See (**Doc. No. 9**), Plaintiff's Response, at pp. 3, 7. Defendant does not dispute this characterization of Judge Nash's ruling. The Court will not revisit the delay that was already ruled upon by Judge Nash. The Court further finds that the delay during the second time period

is not attributable to Plaintiff, because Plaintiff could not have served PNM during that time period as Plaintiff's case was dismissed without prejudice. Although it is technically Plaintiff's fault that the matter was dismissed, Plaintiff had no control over how long it took the state court to reinstate the case pursuant to Plaintiff's timely motion to reinstate. Therefore, the second period of delay does not demonstrate a lack of diligence on Plaintiff's part. Thus, the only delay the Court can consider is the nineteen days from the time the summons was re-issued to the time that Defendant was ultimately served. The Court cannot find that this delay was unreasonable nor that it demonstrates a lack of diligence on Plaintiff's part. Accordingly, Defendant's request for dismissal based upon Plaintiff's delay in serving Defendant is denied.

**THEREFORE, IT IS ORDERED**, that Defendant's Motion to dismiss Claims for Lack of Subject Matter Jurisdiction and for Untimely Service **(Doc. No. 3)** is **GRANTED** in part and **DENIED** in part. Counts I (NMHRA) and III (Title VII) are dismissed with prejudice. However, Count II (Breach of Implied Contract) is not dismissed.

_____
UNITED STATES DISTRICT JUDGE