IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH M. MONTANO

    Plaintiff,

v.                                                               1:14-cv-00079-WPL-RHS

PUBLIC SERVICE COMPANY
OF NEW MEXICO

    Defendant.

## DEFENDANT PUBLIC SERVICE COMPANY OF NEW MEXICO'S MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT

COMES NOW PNM Public Service Company of New Mexico ("PNM"), through its attorneys Conklin, Woodcock & Ziegler, P.C. (John K. Ziegler and Traci N. Olivas), and submits the following Motion and Memorandum for Summary Judgment:

## BACKGROUND

On November 15, 2012, Plaintiff Joseph Montano ("Plaintiff") filed suit against PNM in the Second Judicial District Court of New Mexico, alleging racial discrimination in violation of Title VII and the New Mexico Human Rights Act ("NMHRA") and breach of implied contract. Plaintiff's state court case was dismissed without prejudice for failure to prosecute on June 6, 2013, but was reopened on November 12, 2013, pursuant to Plaintiff's Request to Reopen. PNM removed the matter to this Court on January 6, 2014, and subsequently filed Defendant's Motion to Dismiss Claims for Lack of Subject Matter Jurisdiction and for Untimely Service (the "Motion to Dismiss") [Doc. No. 3] on January 30, 2014.

On March 14, 2014, this Court issued its Memorandum Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (the "Order") [Doc. No. 14], dismissing Plaintiff's claims for racial discrimination pursuant to Title VII and the NMHRA. PNM now

1

moves for summary judgment on Plaintiff's breach of implied contract, which is the only remaining claim.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff was hired by PNM as an Apprentice on April 29, 1994. Complaint, ¶ 6. Answer, ¶ 6; Affidavit of Anna Ortiz, ¶ 3, attached hereto as Exhibit 1.

2. Plaintiff became a Foreman in the Transmission Department in May 2008. Answer, ¶ 12; Affidavit of Anna Ortiz, ¶ 4.

3. Plaintiff is a member of the International Brotherhood of Electrical Workers Local 611 ("IBEW") and has been since at least 1994. Affidavit of Anna Ortiz, ¶ 5.

4. The IBEW has a Collective Bargaining Agreement ("CBA") with PNM, which governs the terms and conditions of Plaintiff's employment with PNM, including the discipline, transfer and promotion process. *Id.*, ¶ 6.

5. The most recent version of the CBA, dated July 7, 2012—April 30, 2015, provides, in relevant part:

> a. Article 7—Management Rights. "Management's rights shall include...the right to...(1) determine the qualifications and select its managerial and supervisory forces...(3) determine the qualifications for and select employees for promotion and transfer..."
>
> b. Article 22—Promotions. "The final decision for all promotions rests with the Company."
>
> c. Article 23—Demotions. "If within six (6) months after promotion, an employee...is found to be incapable of satisfactorily filling the job to which he has been promoted, then such employee shall be demoted..."
>
> d. Article 49—Voluntary Transfers. "This article does not limit the Company's ability to transfer employees on a non-voluntary basis."

Exhibit 1-A.

2

6. The previous version of the CBA, dated May 1, 2009—April 30, 2012, includes the same provisions regarding management rights, promotions, demotions, and voluntary transfers. Exhibit 1-B.

## ARGUMENT

Plaintiff brings a claim for breach of implied contract, alleging that PNM "had a common practice and specific criteria for discipline, promotions and transfers that were not followed...." Complaint, ¶ 35. Plaintiff further alleges that PNM did not follow "the policy against discrimination and retaliation." *Id.*, ¶ 36. As discussed below, however, PNM is entitled to summary judgment on this claim because: (1) Plaintiff's claim is preempted by the Labor Management Relations Act (the "LMRA"); and (2) Plaintiff's claim is time-barred by Section 301's statute of limitations.

**1. Plaintiff's Breach of Implied Contract Claim is Preempted by Federal Law**

Where there is a collective bargaining agreement between an employer and a union, state law claims requiring interpretation of the terms of that agreement are preempted by the exclusive federal jurisdiction of the LMRA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). Section 301 of the LMRA preempts "claims founded directly on rights created by collective-bargaining agreements and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Felix v. Lucent Technologies, Inc.*, 387 F. 3d 1146 (10th Cir. 2004). The test for determining whether a state claim is preempted by Section 301 is "whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers*, 471 U.S. at 213 (1985). In other words, "[i]f the state tort law purports to define the meaning of the contract relationship, that law is preempted." *Id.*

Plaintiff's breach of implied contract claim makes allegations concerning the terms and conditions of his employment, namely relating to discipline, transfers, and promotions. Notwithstanding the fact that Plaintiff neglects to mention the existence of the CBA, Plaintiff is a member of the IBEW, and his employment with PNM is governed by the CBA. Undisputed Fact Nos. 3-5. *International Bhd. Of Elec. Workers v. Hechler*, 481 U.S. 851, 859 n. 3 (1987) (that a plaintiff has not framed his or her complaint so that it explicitly refers to a collective bargaining agreement will not defeat federal preemption). The CBA specifically governs the areas of employee discipline, transfers, and promotions. Undisputed Fact Nos. 4-6.

Though Plaintiff does not asserted which "common practices" or policies were allegedly not followed or specify how such practices and policies were allegedly violated, the CBA nonetheless controls the issues of discipline, transfers, and promotions and related procedures. Undisputed Fact Nos. 4 and 5. Moreover, any determination whether PNM breached an alleged implied contract, which is expressly denied, would inherently require an analysis of what the CBA permits PNM to do. *Carroll v. City of Albuquerque*, 749 F. Supp. 2d 1216, 1233 (D.N.M. 2010) (citing *Mock v. T.G. & Y. Stores, Co.*, 971 F.2d 522, 530 (10th Cir.1992) ("[A]n analysis of whether [the defendant] acted properly or not will inevitably require an analysis of what the CBA permitted.")).

Consequently, Plaintiff's claim is preempted because the Complaint requires the Court to interpret the provisions of the CBA regarding PNM's rights to make and enforce reasonable rules and regulations governing the operation of its business, the conduct of its employees, and the discipline, transfer, and promotion of its employees. *Lee v. Eden Medical Center*, 690 F.Supp.2d 1011, 1021 (N.D. Cal. 2010) ("Because Plaintiff's contract claims require interpretation of provisions of the CBA, they are preempted by the LMRA"); *Walker v. Alpha Beta Co.*, 844 F.2d

4

793, at *2 (9th Cir. 1988) ("Since the state claims for breach of contract...are inextricably intertwined with rights created by the collective bargaining agreement, the state law claims are supplanted by the federal cause of action..."); *Garley v. Sandia Corp.*, 236 F.3d 1200 (10th Cir. 2001) (LMRA preempted claim by employee, who was union member, that employer breached implied contract created by personnel policy, code of ethics, and memo on personnel matters because documents on which claim was based were inextricably intertwined with collective bargaining agreement CBA). Thus, Plaintiff's claim should be dismissed.

## 2. Plaintiff's Claim is Barred by the Statute of Limitations

Plaintiff's breach of implied contract claim is time-barred because it was not brought within the requisite statute of limitations. In *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983), the Supreme Court held that Section 301 claims are governed by the six-month limitation period set forth in Section 10(b) of the National Labor Relations Act.

Plaintiff filed his Complaint with the Second Judicial District Court on November 15, 2012, alleging that the breach arose in 2008, when he worked as Foreman in the Transmission Department, until, ostensibly, 2009. Undisputed Fact No. 2; Complaint, ¶ 24. Plaintiff, however, makes no allegations that any alleged breach took place within six months of filing his Complaint in November 2012. Thus, as the LMRA preempts Plaintiff's claim, it is time-barred by the six-month statute of limitations.

## CONCLUSION

WHEREFORE, for the forgoing reasons, PNM requests that this Court grant summary judgment on Plaintiff's claim for breach of implied contract, dismissing it with prejudice, and for such other relief as this court deems appropriate.

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By: /s/ John K. Ziegler
    John K. Ziegler
    Traci N. Olivas
    320 Gold Avenue SW, Suite 800
    Albuquerque, NM 87102
    Telephone: 505-224-9160
    *Attorneys for PNM*

I HEREBY CERTIFY that on April 30, 2014, a true and correct copy of the above and foregoing Defendant's Motion and Memorandum for Summary Judgment was electronically filed with the clerk of the court by using the CM/ECF system which caused the following Parties or Counsel to be served by electronic means:

Christopher N. Orton
12231 Academy Road NE
#301-304
Albuquerque, NM 87111

/s/ John K. Ziegler
John K. Ziegler