IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH MONTANO,

      Plaintiff,

      v.                                        Civil No. 14cv0079 WJ/SCY

PUBLIC SERVICE COMPANY
OF NEW MEXICO,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court upon Defendant's Motion for Summary Judgment, filed April 30, 2014 **(Doc. 22)**. Having reviewed the parties' briefs and applicable law, I find that Defendant's motion is well-taken and shall be GRANTED.

## BACKGROUND

Plaintiff brings this suit against his former employer, Public Service Company of New Mexico ("PNM"), alleging race discrimination in violation of Title VII and the New Mexico Human Rights Act ("NMHRA") as well as breach of implied contract. The case was originally filed the Second Judicial District Court of New Mexico on November 15, 2012 and removed by Defendants on January 6, 2014.

On March 14, 2014, this court issued its Memorandum Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("Order," Doc. 14), dismissing Plaintiff's claims for racial discrimination pursuant to Title VII and the NMHRA. Defendant now moves for summary judgment on the breach of implied contract claim, on the grounds that it is preempted under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), based on

a collective bargaining agreement ("CBA") between the International Brotherhood of Electrical Workers Local 611 ("IBEW") and PNM.   Defendant also contends that the claim is time-barred.

## DISCUSSION

Summary judgment is appropriate where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c).  "'[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue' that party must 'go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment."  *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

Defendant's statements of facts are undisputed:  Plaintiff is a member of the IBEW and his employment with PNM is governed by the CBA.  Plaintiff tries to dispute Statement No. 4, but fails.   Fact No. 4 states that the IBEW has a collective bargaining agreement with PNM that "governs the terms and conditions of Plaintiff's employment with PNM, including the discipline, transfer and promotion process.   Plaintiff's response is to state only that there were other "numerous written policies and procedures" that were given to him which handle terms and conditions of employment, such as PNM"s policy as an Equal Opportunity Employer.   A "material" fact is one that could affect the outcome of the lawsuit.  *EEOC Comm'n v. Horizon/CMS Healthcare Corp.,* 220 F.3d 1184, 1190 (10th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Whether or not Plaintiff has received other policies and procedures that state the terms and conditions of his employment does not materially dispute Defendant's statement of fact regarding the existence of a CBA which governs the terms

of Plaintiff's employment. Plaintiff's response brief also contains a section styled as "Plaintiff's Statement of Material Facts" which consists of a recitation of allegations from the complaint. Such "facts" do not qualify as undisputed material facts, nor are they responsive to Defendant's presentation of facts. Thus, Defendant's facts remain undisputed and the Court proceeds on the purely legal argument on whether Plaintiff's breach of implied contract claim is preempted by the LMRA based on the CBA between the employer (in this case, PNM) and the union in which Plaintiff is a member; and whether this claim is time-barred.

I.     **Preemption Argument**

Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, controls disputes over collective bargaining agreements and states, in relevant part:  "Suit for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties." The Supreme Court has held that § 301 not only confers federal jurisdiction over collective bargaining disputes, but also reflects Congress' desire to have a uniform federal interpretation of collective bargaining agreements. Accordingly, all suits which fall under § 301 must be governed by federal law. *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 213 (1985) (where there is a collective bargaining agreement between an employer and a union, state law claims requiring interpretation of the terms of that agreement are preempted by the exclusive federal jurisdiction of the LMRA; *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394 (1987) (§ 301 of the LMRA preempts "claims founded directly on rights created by collective-bargaining agreements and also claims substantially dependent on analysis of a collective-bargaining agreement"). The test for determining whether a state claim is preempted by §301 is "whether evaluation of the tort claim is inextricably intertwined with consideration of the terms

of the labor contract. *Allis-Chalmers,* 471 U.S. at 213. In other words, if the state tort law "purports to define the meaning of the contract relationship, that law is preempted." *Id.*

In Count II, Plaintiff alleges a breach of implied contract claim:

¶35. Defendant had a common practice and specific criteria for discipline, promotions and transfers that were not followed in the case of Plaintiff,
¶36. The policy against discrimination and retaliation was not followed in this case.

Plaintiff's breach of implied contract count appears to assert two distinguishable claims. First, in ¶35, Plaintiff makes allegations concerning the terms and conditions of this employment, namely relating to discipline, transfers and promotions. In the following paragraph, ¶36, Plaintiff asserts a breach of implied contract based on PNM's non-discrimination and non-retaliation policies.

A.   <u>Discipline, Transfers and Promotions</u>

Defendant attaches portions of the CBA at issue with specific provisions dealing with promotions, disciplines and transfers. Doc. 22-1. The Court finds that these portions of the CBA specifically govern the areas of employee discipline, transfers and promotions—the same areas underlying Plaintiff's breach of implied contract claim.[1] In addition to these separate Articles addressing "Promotions" and "Transfers" (Doc. 22-1 at 4), the CBA also incorporates by reference policies concerning job descriptions and discipline (Doc. 33-1 at 5).

It is undisputed that the CBA exists, that Plaintiff is a member of the IBEW and that his employment with PNM is governed by the CBA. Thus, even though Plaintiff does not assert which "common practices" or policies were allegedly not followed, or how these practices or policies were violated, the CBA still controls issues pertaining to discipline, transfers and

---

[1] It is not a problem that only portions of the entire CBA has not been presented as an exhibit, since the attached provisions sufficiently inform the Court on the issues. *Cmp., Garley v. Sandia Corp.*, 236 F.3d 1200, 1211, n.3 (10th Cir. 2001) (submission of selected excerpts of documents adequate for court to arrive at preemption determination).

promotions, and the question of whether PNM breached an alleged implied contract would inherently require an analysis of what the CBA permits PNM to do. As a result, the Court will need to look to the terms of the CBA to conduct this analysis. *See Carroll v. City of Albuquerque,* 749 F.Supp.2d 1216, 1233 (D.N.M. 2010) (citing *Mock v. T.G.&Y. Stores, Co.,* 971 F.2d 522, 530 (10th Cir. 1992) (analysis of whether defendant "acted properly or not will inevitably require analysis of what the CBA permitted").

Accordingly, the Court finds that the LMRA preempts Plaintiff's claim alleging that PNM did not follow certain criteria for discipline, promotions and transfers in his case, because these issues are part and parcel of the terms of the CBA which must be analyzed by the Court in order to determine whether PNM's policies were followed. *See Felix v. Lucent Technologies, Inc.,* 387 F.3d 1146, 1163 (10th Cir. 2004) (LMRA preempts claims "founded directly on rights created by collective bargaining agreements and also claims substantially dependent on analysis of a collective bargaining agreement") (citing *Caterpillar Inc.,* 482 U.S. at 384).

Plaintiff argues that the CBA does not control because PNM distributed other written policies and procedures to its employees, such as materials setting forth PNM's anti-harassment, discrimination and retaliation policies and workplace seminars on these subjects. However, the existence of other policies and procedures does not rebut the fact that the CBA exists and that other policies and procedures which address discipline, promotions and transfers are "inextricably intertwined" with, and substantially dependent on, consideration of the terms of the CBA. *Garley v. Sandia Corp.,* 236 F.3d 1200, 1210-11 (10th Cir. 2001) (LMRA preempted breach of implied contract claim where documents on which claim was based were inextricably intertwined with CBA).[2]

---

[2] *See also* Carroll v. City of Albuquerque, 749 F.Supp.2d 1216 (D.N.M. 2010) (personnel regulations and procedures manual were interdependent on the CBA); *Cumpston v. Dyncorp Tech. Servs.,* 76 Fed.Appx. 861 (10th

B.      Preemption by Non-Discrimination Statutes

The second part of Plaintiff's implied contract claim alleges a breach of PNM's policy against discrimination and retaliation, but such claims have no business being part of an implied contract claim.  Claims of discrimination are preempted by Title VII and the Human Rights Act, both of which contain statutory schemes that provide specific rights and remedies that are exclusive.  *See Jaramillo v. J.C. Penney, Inc.,* 102 N.M. 272 (Ct.App. 1985) (state discrimination statute is exclusive remedy for discrimination).

Plaintiff cannot re-package discrimination claims as implied contract claims.  The Tenth Circuit noted in *Garley* that there is an "important distinction" between the employer's contractual rights to take the actions it did "and the motivations behind them."  236 F.3d at 1213 (finding that where the action is concerned "not with the employer's contractual rights to discharge the employee, but rather with its motives in exercising that right, the CBA is not relevant and preemption does not apply") (citing *Lingle v. Norge Div. of Magic Chef., Inc.,* 486 U.S. 399, 401 (1988) (purely factual questions pertaining to the conduct of employee and the conduct and motivation of the employer did not require a court "to interpret any term of a collective-bargaining agreement").[3]

Accordingly, based on the above discussion, Plaintiff's implied contract claim fails both because it is preempted by the CBA (where the claim concerns PNM's policies about discipline,

---

Cir. 2003) (despite separate origin of business ethics standards proscribing harassment, employee's implied contract claim was "inextricably intertwined" with consideration of the terms of the CBA).

[3]  *See Clayton v. Vanguard Car Rental, U.S.A., Inc*.,761 F.Supp.2d 1210, 1277 , 281-82 (D.N.M. 2010) (anti-discrimination policy in employee handbook that "strictly prohibited" harassment or discrimination constituted "mere declarations" of the employer and were "not sufficiently specific to create an implied contract"); *Daniels v. United Parcel Service, Inc.*, 797 F.Supp.2d 1163, 1196–97 (D.Kan.2011) (finding implied contract claim barred because it was based on the same retaliation alleged under Title VII and other federal anti-discrimination statutes); *see also Hartnett v. Papa John's Pizza USA, Inc*., 912 F. Supp. 2d 1066, 1097 (D.N.M. 2012) (assuming employer failed to follow its written harassment policy, employee handbook read as a whole undermined any claim that employee reasonably understood her at-will status was impliedly altered by the policy).

promotions and transfers) and by Title VII and the Human Rights Act (where the claim is framed in the context of PNM's failure to follow its own anti-discrimination policies).  However, Plaintiff has already had his opportunity to allege claims of discrimination brought under both Title VII and the Human Rights Act, and the Court has found them to be time-barred.  Thus, the only viable claim remaining is the preempted §301 LMRA claim that is currently asserted as ¶ 35 in the complaint—unless it is also time-barred, as Defendant argues.

## II.     Time-Bar Argument

Defendant contends that Plaintiff's claim is time-barred because it was not brought within six months of the alleged conduct, relying on *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 154-55 (1983).  In *DelCostello,* the United States Supreme Court held that §301 claims are governed by the six-month limitation period set forth in §10(b) of the National Labor Relations Act.[4]  *See* 29 U.S.C. §160(b) (stating that "no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board. . . .").  Defendant notes that Plaintiff makes no allegations that any alleged breach took place within six months of the filing of his complaint in November 2012.

There are few references to actual dates in the complaint, but the very earliest alleged unlawful conduct occurred sometime in 2007 (Compl., ¶ 9), and appears to have ended in (Compl., ¶18).  Plaintiff offers no cogent argument responsive to Defendant's time-bar argument.  Plaintiff's seven-line response states only that Defendant's argument is premised on the claim being based on the terms of the CBA, and since Plaintiff does not agree that his claim is preempted on those grounds, the claim is therefore timely.  Since the Court has determined that Plaintiff's breach of implied contract claim is in fact grounded in the terms of the CBA,

---

[4]  The LMRA, 61 Stat. 139, §101, amends §3 of the National Labor Relations Act ("NLRA") in order to divide prosecutorial and adjudicatory functions between the Boards presiding over the LMRA and the NLRA.  *See DelCostello,* 484 U.S. at 117.

Defendant's time-bar argument remains undisputed and unchallenged by Plaintiff. *See* D.N.M.LR-Civ. 7.1(b) (failure to respond to motion within time prescribed constitutes consent to grant motion). Therefore, Plaintiff's breach of implied contract claim, which was preempted by the LMRA, shall be dismissed on grounds of untimeliness.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (**Doc. 22**) is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

A Final Judgment shall issue separately.

_____
UNITED STATES DISTRICT JUDGE