**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

JOSEPH M. MONTANO,

       Plaintiff,

    v.                             No. 1:14-cv-00079 WJ/SCY

PUBLIC SERVICE COMPANY OF NEW MEXICO,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT' MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDCTION.

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss Count I of Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, filed July 8, 2015 **(Doc. 47)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well-taken and, accordingly, is GRANTED in that Count I of Plaintiff's complaint asserting a claim under the New Mexico Human Rights Act is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

In this lawsuit, Plaintiff alleges claims of discrimination and retaliation against his former employer Public Service Company of New Mexico ("PNM").  The Complaint alleges three claims: Race Discrimination in Count I; Breach of Implied Contract in Count II; and Title VII Retaliation in Count III.   Plaintiff had initially filed the complaint on November 15, 2012 in the Second Judicial District Court, County of Bernalillo, and alleged that his lawsuit was filed pursuant to a ninety (90) day "right to sue" letter issued by the Equal Employment Opportunity

Commission ("EEOC").  On June 6, 2013, Plaintiff's claims were dismissed without prejudice by New Mexico State District Judge Nan Nash for failure to prosecute. Plaintiff's claims were revived by the state court on November 12, 2013 after Plaintiff filed a Request to Reopen. PNM removed the lawsuit to federal court on January 28, 2014.

## I.      Procedural Background

On March 14, 2014, this Court granted Defendant's motion to dismiss Counts I and III for lack of exhaustion of administrative remedies under 42 U.S.C. §§2000e-5(f)(1) and NMSA 1978 §28-1-13, concluding that the state court's dismissal of the case without prejudice did not toll the ninety (90) day clock and therefore, when Plaintiff re-filed his claims in November of 2013, the claims were untimely. Doc. 14.   On July 16, 2014, the Court ruled in favor of Defendant on Plaintiff's breach of implied contract claim in Count II, finding that it was preempted because the claim was based on a collective bargaining agreement between the International Brotherhood of Electrical Workers Local 611 and PNM; and alternatively that it was time-barred because it was not brought within the six-month limitation period set forth in §10(b) of the National Labor Relations Act.  Doc. 34 at 7-8.

Plaintiff appealed the Court's rulings to the Tenth Circuit Court of Appeals.  *Montano v. Public Serv. Co. of New Mexico,* 2015 WL 1840938 (Apr. 23, 2015) (Order and Judgment).[1]  On appeal it was noted that Plaintiff did not present any argument on why the Court's rulings on his breach of implied contract claim were incorrect, and so the Tenth Circuit addressed only the dismissal of Plaintiff's Title VII and NMHRA claims.  *See* 2015 WL 1840938, n.2.   The Tenth Circuit reversed this Court's determination that those claims were time-barred, reasoning that the

---

[1] Plaintiff had also filed an earlier Notice of Appeal that was dismissed for lack of prosecution in failing to respond to the Tenth Circuit Court of Appeal's order to show cause why the appeal should not be dismissed because the appeal was filed before this Court entered a final order.  *See* Doc. 24.

issue was to determine when the action began, and holding that because the original lawsuit was timely and was reactivated, it should not have been dismissed.  Thus, at this point, only Counts I and III of the Complaint survive.

## II.   Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for  a lack of jurisdiction over the subject matter.  Fed.R.Civ.P. 12(b)(1). When making a Rule 12(b)(1) motion, a party may go beyond the allegations in the complaint to challenge the facts upon which jurisdiction depends by relying on affidavits or other evidence properly before the court. *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir.1995); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995). In those instances, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a rule 56 motion.  *Id.*

**DISCUSSION**

Defendant moves to dismiss Count I of the Complaint, Plaintiff's NMHRA claim, for lack of subject matter jurisdiction.  No response has been filed, and Defendant has filed a Notice of Briefing Complete.  Doc. 49.   Under this Court's local rules, Plaintiff's failure to respond to the motion constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b).  However, the Court also looks to ensure that the Defendant has presented a legal and factual basis for its arguments.

The exhaustion of administrative remedies is a prerequisite to suit under the NMHRA. *Mitchell-Carr v. McLendon,* 127 N.M. 282, 288 (N.M. 1999).  A motion to dismiss for lack of subject matter jurisdiction "may be appropriate when the plaintiff has failed to exhaust administrative remedies that are a prerequisite to his or her suit."  *See also Kelley v. City of*

3

*Albuquerque* 375 F.Supp.2d 1183, 1210 ( D.N.M.,2004) (compliance with grievance procedures is prerequisite to seeking judicial review).

The NMHRA confers on courts the authority to hear appeals filed within ninety (90) days from the issuance of an order of non-determination by the New Mexico Human Rights Division ("HRD"). See NMSA § 28-1-13 ("A person aggrieved by an order of the commission may obtain a trial de novo . . . by filing a notice of appeal within ninety days from the date of service of the commission's order.").  Also, pursuant to Rule 1-076(D) of the New Mexico Rules of Civil Procedure, "[a]n appeal from the Human Rights Commission shall be taken within ninety (90) days from the **date of service** on the parties to the administrative proceeding of: (1) the commission's order; or (2) the director's or complainant's notice of waiver of the complainant's right to hearing before the commission.  NMRA Rule 1-076(D) (emphasis added).   Rule 1-076 (J) makes clear that the three (3) day mailing period does not apply to these time limitations.

Plaintiff filed his Amended Charge of Discrimination, Charge No. 543-2010 with the Equal Employment Opportunity Commission (the "EEOC") on November 9, 2009.   Ex. A (Amended Charge of Discrimination).  An Order of Non-Determination (the "Order") from the HRD was mailed to Plaintiff on August 14, 2012.  Ex. B (Order of Non-Determination). Plaintiff filed his lawsuit in state court on November 15, 2012.  *See* Doc. 1 (Notice of Removal), ¶ 1.

Defendant contends that the Court lacks subject matter jurisdiction over Plaintiff's NMHRA because the HRD mailed the Order of Non-Determination on August 14, 2012 (Ex. B), but Plaintiff did not file his lawsuit until November 15, 2012, which was 93 days after the Order was mailed, instead of the requisite 90 day period.  While the relevant case law on this issue is sparse, Defendant's argument appears to be supported.  *See Haynes v. Presbyterian Healthcare*

*Services,* 2015 WL 4366698 (N.M.Ct.App., June 30, 2015).  In that case, the New Mexico Court of Appeals affirmed the district court's dismissal of plaintiff's NMHRA claim that was filed 91 days after the date on the Order of Non-Determination.  The Court of Appeals also rejected plaintiff's argument that in promulgating Rule 1-076, the New Mexico Supreme Court was without authority to promulgate a rule stating that the three-day mailing rule does not apply in appeals from the NMHRD.  This Court also finds persuasive the other case relied on by Defendant, *Vigil v. City of Eespanola,* 2009 WL 1300746 (D.N.M. Feb. 18, 2009), where United States District Judge James O. Browning concluded that "service" was defined as the date the Order or Non-Determination was mailed.  2009 WL 1300746 at *10.   The reasons cited by Judge Browning in that opinion are compelling, for example, in finding that proper service is generally determined with reference to the actions of the party wishing to carry out service rather than to the actions of the receiving party.  *Id.* at *12.   Defining "service" this way "prevents the injustice of allowing parties to thwart a court's proper jurisdiction by making unsubstantiated allegations that they did not receive notice of an action."   *Id.*   Finally, construing "service" as the date of the Order is consistent with the plain language of Rule 1-0076(D).  *See Martinez v. Cornejo,* 146 N.M. 223, 229 (Ct.App. 2008) ("[T]he first and primary step in statutory construction is to apply the plain language of a statute if that language is clear and unambiguous.").  Following this interpretation of Rule 1-076, Plaintiff's complaint was untimely by three days.[2]

---

[2]  The issue before the Tenth Circuit Court of Appeals was the effect of the reinstatement of Plaintiff's initial lawsuit in state court and not the issue of whether the complaint was timely under NMRA 1-076.  The Court of Appeals noted that it assumed the complaint was timely filed for purposes of the appeal, since Defendant had not raised that specific issue on appeal.  Also, the Court of Appeals relied on the federal statute, 42 U.S.C. §2000e-5(f)(1), which states that a lawsuit may be filed after "the giving of . . . notice" by the EEOC and the state statute, NMSA 1978, §28-1-13, which generally address appeals to the commission without specifying any limitation periods.  For this reason, the Court considers its ruling to be consistent with the Order and Judgment of the Tenth Circuit Court of Appeals.

For the foregoing reasons, the Court finds that it has no jurisdiction over Plaintiff's NMHRA claim asserted in Count I because it was untimely filed under the NMHRA's administrative exhaustion requirements.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss Count I of Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (**Doc. 47**) is hereby GRANTED in that Count I of the complaint, asserting a claim under the New Mexico Human Rights Act, shall be dismissed.[3]

_____

UNITED STATES DISTRICT JUDGE

---

[3]   The Court's dismissal of Count I leaves only one claim remaining, which is Count III alleging  Title VII retaliation.