IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH M. MONTANO,

    Plaintiff,

v.                                          No. 1:14-cv-00079 WJ/SCY

PUBLIC SERVICE COMPANY OF NEW MEXICO,

    Defendant.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND MEMORANDUM IN SUPPORT, REGARDING COUNT III OF PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant Public Service Company of New Mexico ("PNM"), through its attorneys of record, Conklin, Woodcock & Ziegler, P.C. (John K. Ziegler & Sean E. Garrett), and for its Motion for Summary Judgment, and Memorandum in Support, Regarding Count III of Plaintiff's Complaint (the "Motion")[1], states as follows:

INTRODUCTION AND BACKGROUND

Federal law requires a lawsuit asserting any claim under Title VII of the United States Code to be filed within 90 days of the employee's receipt of a "right to sue" letter from the Unites States Equal Employment Opportunity Commission (the "EEOC"). Plaintiff Joseph M. Montano ("Plaintiff") filed two Charges of Discrimination with the EEOC related to his allegations in this case. The EEOC, in response to those Charges, mailed Plaintiff two, separate "right to sue" letters on July 27, 2012. Plaintiff, however, did not file his Complaint for Damages (the "Complaint") in the Second Judicial District Court for the State of New Mexico until

---

[1] PNM made a good-faith effort to determine if the Motion is opposed; however, PNM did not receive a response to its inquiry. PNM, therefore, assumes the Motion is opposed.

November 15, 2012, a period of 111 days from the date the EEOC mailed the "right to sue" letters.

Plaintiff testified during his deposition that he received the "right to sue" letters "close to [the] date" they were mailed. Federal law has adopted a presumption that a letter sent via the United States Postal Service is received three to seven days after mailing. Allowing for this short period of time, Plaintiff did not timely file the Complaint within 90 days of receiving the "right to sue" letters from the EEOC. Since Plaintiff failed to satisfy a statutory requirement applicable to his Title VII claim, which is found in Count III of the Complaint, PNM is entitled to summary judgment on that claim.[2]

STATEMENT OF UNDISPUTED MATERIAL FACTS

PNM, pursuant to Rule 56(c), contends no genuine issue exists with respect to the following statements of material fact:

1. Plaintiff is employed by PNM and was so employed at all times relevant to the allegations in the Complaint. [Complaint for Damages [Doc. 1-1] at ¶ 4]

2. Plaintiff filed a Charge of Discrimination (the "First Charge") with the EEOC on or about October 21, 2008. [Charge of Discrimination signed October 21, 2008, attached hereto as Exhibit A]

3. Plaintiff's First Charge alleged retaliation and discrimination based on race and national origin, and was assigned EEOC Charge Number 543-2009-00038. [Exhibit A]

4. Plaintiff filed a Charge of Discrimination (the "Second Charge") with the EEOC on or about November 2, 2009. [Charge of Discrimination signed November 2, 2009, attached hereto as Exhibit B]

---

[2] Plaintiff's only remaining cause of action is the Title VII claim pleaded in Count III of the Complaint. This Court previously dismissed the claims stated in Count I and Count II of the Complaint. [Doc. 50 & Doc. 36, respectively]

5. Plaintiff's Second Charge alleged retaliation and was assigned EEOC Charge Number 543-2010-00165. [Exhibit B]

6. On July 27, 2012, the EEOC mailed Plaintiff a Dismissal and Notice of Rights (the "First Right to Sue") related to the First Charge. [Dismissal and Notice of Rights for EEOC Charge No. 543-2009-00038, attached hereto as Exhibit C]

7. The First Right to Sue states "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (emphasis in original) [Exhibit C]

8. On July 27, 2012, the EEOC mailed Plaintiff and Dismissal and Notice of Rights (the "Second Right to Sue") related to the Second Charge. [Dismissal and Notice of Rights for EEOC Charge No. 543-2010-00165, attached hereto as Exhibit D]

9. The Second Right to Sue also states "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (emphasis in original) [Exhibit D]

10. Plaintiff received the First Right to Sue and Second Right to Sue (collectively, the "Right to Sue Letters") "close to" July 27, 2012. [Deposition of Joseph Montano at p. 21, line 8 – p. 23, line 14, attached hereto as Exhibit E]

11. Plaintiff filed this lawsuit in the Second Judicial District Court for the State of New Mexico on November 15, 2012. [Notice of Removal [Doc. 1] at ¶ 1; Complaint for Damages [Doc. 1-1 at p. 1]

12. In Count III of the Complaint, Plaintiff seeks damages from PNM for alleged retaliation in violation of Title VII. [Complaint for Damages [Doc. 1-1] at ¶¶ 27-33]

LEGAL STANDARD APPLICABLE TO THE MOTION

PNM files this Motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party." *First State Bank v. Daniel and Associates, P.C.*, 519 F. Supp. 2d 1157, 1159 (D. Kan. 2007) (*citing Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002)).

"The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *First State Bank*, 519 F. Supp. 2d at 1159 (*citing Spaulding*, 279 F.3d at 904). "In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim." *Id.* (*citing Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000)). "Once the movant has met this initial burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial." *Id.* (internal quotes omitted) (*citing Spaulding*, 279 F.3d at 904).

"[S]summary judgment is not a disfavored procedural shortcut; rather, it is an important procedure designed to secure the just, speedy and inexpensive determination of every action." *First State Bank*, 519 F. Supp. 2d at 1159 (internal punctuation omitted) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

<u>LEGAL SUPPORT AND ANALYSIS</u>

Federal law required Plaintiff to file the Complaint within ninety (90) days of his receipt of the Right to Sue Letters. "Under [Title VII] a complainant has ninety days in which to file suit after receipt of an EEOC right-to-sue letter." *Witt v. Roadway Exp.*, 136 F.3d 1424, 1429 (10th Cir. 1998). "The ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice … ." *Id.*

A complaint filed beyond ninety days of receipt of a right to sue letter is subject to dismissal. "Compliance with the filing requirements of [Title VII] is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations … ." *Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996) (internal quotes omitted).

Plaintiff received the Right to Sue Letters no later than the first few days of August. "A rebuttable presumption of receipt does arise on evidence that a properly addressed piece of mail is placed in the care of the postal service." *Witt*, 136 F.3d at 1429-30. The Right to Sue Letters specify on their face that they were mailed July 27, 2012. [Ex. C & D] Plaintiff could not recall the exact date on which he received the Right to Sue Letters; however, he testified he received the Right to Sue Letters close to the date the EEOC indicated they were mailed. [Ex. E] Plaintiff's testimony is consistent with the Tenth Circuit's presumption that a properly addressed item is received three-to-five days after mailing. *See Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001) ("Although this court has never explicitly addressed the issue of mailing time presumptions, we have implicitly sanctioned applying either a five-day or a three-day presumption.").

The EEOC mailed Plaintiff the Right to Sue Letters on July 27, 2012. Allowing Plaintiff all reasonable inferences and applying a seven-day presumption, Plaintiff received the Right to

Sue Letters no later than August 3, 2012. *See Lozano*, 258 F.3d at 1164 ("When the receipt date for an EEOC right-to-sue letter is unknown or disputed, federal courts have presumed various receipt dates ranging from three to seven days after the letter was mailed."). Pursuant to the ninety-day requirement, Plaintiff was required to file the Complaint on or before Thursday, November 1, 2012. Plaintiff, however, did not file the Complaint until November 15, 2012, which is 104 days after his presumed receipt of the Right to Sue Letters.

In light of these undisputed facts, PNM is entitled to summary judgment on the Title VII claim found in Count III of the Complaint. Plaintiff did not timely file the Complaint within ninety days of his receipt of the Right to Sue Letters, as Title VII requires. *See, e.g., Barrett v. Rumsfeld*, 158 F. App'x 89, 91 (10th Cir. 2005) (affirming dismissal of Title VII claim for failure to file complaint within ninety days of receipt of right to sue letter).

## CONCLUSION

WHEREFORE, for the foregoing reasons, PNM respectfully request this Court enter an order granting summary judgment in its favor and dismissing Count III of Plaintiff's Complaint.

    Respectfully submitted,

    CONKLIN, WOODCOCK & ZIEGLER, P.C.

    */s/ Sean E. Garrett*
    John K. Ziegler
    Sean E. Garrett
    320 Gold Ave SW Ste 800
    Albuquerque NM 87102
    Telephone: (505) 224-9160
    jkz@conklinfirm.com
    sg@conklinfirm.com
    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of March 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Christopher N. Orton
LEGAL COUNSELING SERVICE
12231 Academy Rd NE Ste 301-304
Albuquerque NM 87111
*Attorneys for Plaintiff*

*/s/ Sean E. Garrett*
Sean E. Garrett